## Duke *v.* Helms.

### (*Nashville.* January 19, 1898.)

1. ADVERSE POSSESSION. *Extent of its operation.*

   The adverse possession for seven years of a house on an unin-closed lot, under a deed for an undivided half interest in the lot, will protect the possessor against the true owner as to the entire house, and an undivided half of the remainder of the lot, but not as to the other undivided half of the unin-closed portion of the lot. (*Post, pp. 250–252.*)

2. LIMITATIONS, STATUTE OF. *Of seven years, arrested, when.*

   If ejectment is brought before the defendant has had seven years' possession of the premises sued for, the bar of the seven years statute will not attach by reason of complainant's fail-ure to appeal or prosecute writ of error from an adverse de-cree until after defendant has had seven years' adverse pos-session. The prosecution of a writ of error is not a new suit, but a continuation of the old one as regards statutes of limita-tion. (*Post, pp. 252, 253.*)

   Case cited: Fitzsimmons *v.* Johnson, 90 Tenn., 416, 425.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

T. G. EWING for Duke.

PERCY KINNAIRD and J. P. HELMS for Helms

WILKES, J. This is an ejectment bill to recover a house and lot in the city of Nashville. The Chancellor held that while complainant had the legal title to the premises, the defendant was entitled to hold them, under the statute of limitations. There was a special appeal prayed from the decree, so far as it held complainant barred by the statute.

On hearing, in the Court of Chancery Appeals, that Court sustained the decree of the Chancellor as to the house and ground occupied by it, and also as to an undivided one-half interest in the part of the lot not covered by the house; but held that defendant had not had actual inclosure of the lot as a whole, and, hence, could only recover the title to an undivided half of the lot held under color of title.

Both parties are before the Court, the defendant by appeal from so much of the decree as fails to give him the whole lot, and the complainant, by writ of error, from so much as fails to give him the entire lot.

The title of the property is this: Prior to 1878 it belonged to Wyley Duke, and descended from him to complainant, as his only heir. Wyley Duke had been married several times, and when he died his widow, who was not complainant's mother, was left in possession. She remained in possession until she died, in 1883. When she died she left her daughter, Mrs. Gamble, and her second husband, Cross, in possession of the premises. August 20, 1883, the daughter, claiming the property, conveyed to her

Duke *v.* Helms.

stepfather, Ed. Cross, an undivided half interest in it. This is the beginning of the defendant's paper title. On June 4, 1886, Cross filed a bill for partition, and decree was entered for sale for that purpose July 13, 1886. The property was sold and bought by Fulghum, and the sale confirmed to him in 1888. He afterwards conveyed to defendant, Helms, April 15, 1890. The bill was filed May 6, 1893. The house had been occupied all the time from the date of Wyley Duke's death, in 1878, and was held adversely to complainant.

It is insisted that Helms obtained the title of Cross to an undivided half interest in the lot under the deed of Mrs. Gamble to him, which made color of title to that half interest, and hence he is entitled to hold, as to that half interest, to the extent of his paper title boundary, and the Court of Chancery Appeals so held. But there being no paper title to the other half interest of Sarah Gamble, defendant, ' Helms, cannot hold that, as he allowed the fences around the lot to go down, so that he has had no actual adverse possession of this half interest. In other words, having no actual adverse possession of the lot, and no color of title to this half interest, he cannot hold this half interest against the true owner, except as to that portion covered by the house. The question, then, is narrowed down to whether the title to the Sarah Gamble half interest is such color of title as to give Helms the right to claim that interest without actual adverse possession.

It is insisted, and the Court of Chancery Appeals held, that as to her half interest there was only a succession of holdings, not under color of title, and with adverse possession interrupted, and not made out for the time required by statute. We are of opinion the decree of the Court of Chancery Appeals is correct.

As to the house and right of way appurtenant, defendant, Helms, has had actual adverse possession for the period prescribed by the statute of limitations, and as to that his possession cannot be disturbed. He has also had the Cross one-half undivided interest under color of title, and as to that holds to the extent of his paper title, though in actual possession of the house only. As to the interest of Sarah Gamble, not transferred to Cross, defendant, Helms, has no color of title, and no paper defining boundaries, and not having had actual adverse possession under the statute, the right and title of the complainant as true owner is superior.

It appears that treating the partition proceedings as conferring color of title upon defendant, Helms, his possession thereunder was not sufficient under the statute at the time the original bill in this cause was filed, May 6, 1893, the sale to Fulghum having been confirmed May 20, 1888. Final decree in the case was entered January 7, 1895. No appeal was taken, but a writ of error was prayed for and obtained January 6, 1897, or about two years after the final appeal. If we treat the filing of the record

for writ of error as a new suit, then the statute
will have run so as to give color of title under the
partition proceeding before the date of its filing.   In
many of the cases, the petition for writ of error is
treated as a new suit or a suit in the nature of a
new suit, but the better view seems to be that it is
but a continuation of the suit already begun, at least
so far as the question of new process and the statute
of limitations is concerned.   6 Pickle, 416, 425.
The bar of the statute did not become complete,
therefore, against complainant under the partition pro-
ceeding by his failure to appeal.   The result is
that the decree of the Court of Chancery Appeals
is affirmed.